**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL DUARTE-VELA, | Nos.   16-72395 & 18-70270 |
| Petitioner, | Agency No. A078-102-242 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petitions for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2023**
Seattle, Washington

Before: FLETCHER and VANDYKE, Circuit Judges, and LIBURDI,*** District Judge.

Raul Duarte-Vela petitions the court to review two Board of Immigration

Appeals (BIA) orders.  The first is the BIA's dismissal of his appeal from the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

Immigration Judge's (IJ) decision denying him asylum, withholding of removal under the Immigration and Nationality Act (INA), and removal relief under the Convention Against Torture (CAT). The second is the BIA's denial of his motion to reopen immigration proceedings. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petitions.

Duarte-Vela is a native and citizen of Mexico who entered the United States without authorization in 1999, 2000, and 2004, and who now faces removal. He applied for asylum, withholding of removal, and CAT relief after removal proceedings began in 2014. He testified at his removal hearing that he had never been harmed or threatened in Mexico but that he feared a local gang would persecute him once it learned of his status as a repatriate from the United States.

The IJ denied his application for asylum and withholding of removal under the INA and the CAT for three reasons. First, his asylum application was untimely. Second, he suffered no past persecution and failed to show a nexus between the future persecution he feared and his membership in any particular social group (PSG). Third, he was ineligible for CAT relief because he did not present any evidence that the Mexican government might torture him.

Duarte-Vela administratively appealed the IJ decision, except for the time bar to asylum, the withholding of removal claim under the INA, and the domestic-violence-conviction bar to the cancellation of removal. The BIA adopted and

2

affirmed all parts of the IJ decision, incorporating its analysis. Even though Duarte-Vela had not preserved a challenge to the timeliness of his asylum application, the BIA confirmed it was untimely. It also confirmed he could not qualify for withholding of removal or CAT relief because he had not demonstrated (1) a well-founded fear of future persecution, (2) membership in a cognizable PSG, (3) nexus between harm he feared and any protected grounds, or (4) that the Mexican government would torture him or acquiesce to his torture.

Duarte-Vela subsequently moved to reopen proceedings to introduce evidence that he newly qualified for an adjustment of his immigration status. The BIA denied his motion as untimely and declined to reopen proceedings sua sponte.

Clear standards govern our review. If the BIA incorporates an IJ's analysis when it denies asylum, withholding of removal, or CAT relief, we review both the IJ and BIA decisions for substantial evidence to support denial. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). And we decline to review the BIA's decision to not reopen proceedings sua sponte unless its reasoning evinces legal or constitutional error. *Lona v. Barr*, 958 F.3d 1225, 1230, 1232–33 (9th Cir. 2020).

We easily reject Duarte-Vela's jurisdictional argument that the immigration court lacked subject matter jurisdiction as foreclosed by precedent. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc).

3

The IJ reasonably concluded that Duarte-Vela's asylum application was untimely. Part of his argument that the agency erred when it denied him withholding of removal also fails for a similar reason: he did not raise an argument before the IJ as to persecution owing to a political opinion. His remaining purported PSGs are not cognizable. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010).

Duarte-Vela's appeal of the agency's denial of CAT relief fares no better. CAT regulations place a heavy burden on the applicant. "Demonstrating torture requires a much greater showing of harm than demonstrating persecution." *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022). When deciding whether an applicant has met this burden, the agency must consider relevant information about conditions in the country of removal, 8 C.F.R. § 1208.16(c)(3), and it must aggregate the risks of torture he faces from all sources, *Hernandez*, 52 F.4th at 772–73.

Duarte-Vela argues the agency's analysis fell short of those requirements in three ways. First, it too cursorily discussed facts he purportedly presented that he asserts support his CAT claim. Second, it did not evince that it considered country conditions. Third, it did not aggregate the risk of torture he faced from all sources.

His first argument fails. Although he did not introduce any country conditions evidence, the IJ relied on the State Department's Country Conditions Report. There

4

is nothing in the report that suggests *Duarte-Vela* himself faces a greater than 50 percent likelihood of "extreme … cruel and inhuman treatment" at the hands of anyone—let alone the Mexican government. 8 C.F.R. § 1208.18(a)(2).

His second and third arguments fail because the BIA incorporated the IJ's reasoning and analysis of the CAT claim, and the IJ expressly addressed both Duarte-Vela's testimony and the country conditions evidence together. The BIA's decision can be "fairly read as approving the IJ's finding that the probability of torture is less than 50% in the aggregate." *Iraheta-Martinez v. Garland*, 12 F.4th 942, 960 (9th Cir. 2021).

Lastly, we lack jurisdiction to review a BIA decision not to reopen proceedings sua sponte unless it "denie[s] sua sponte relief not as a matter of discretion, but because it erroneously believe[s] [1] that the law forbade it from exercising its discretion or [2] that exercising its discretion would be futile." *Lara-Garcia v. Garland*, 49 F.4th 1271, 1277 (9th Cir. 2022). Neither exception applies here.

**PETITIONS DENIED**.